UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) |
| v. | ) No. 4:23-cr-00526-SEP |
| TOBIYYAH ISRAEL AND CARL VON GARRETT, | ) ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM AND ORDER**

Before the Court are six motions for disclosure of evidence, Docs. [233], [234], [235], [236], [237], [238]. Trial in this matter is set for May 12, 2025. For the reasons set forth below, the motions are granted in part and denied in part.

**I.  Motions for Disclosure of Government Witnesses and Exhibits, Docs. [233], [234], [236], [237].**

Defendant Carl Von Garrett moves the Court to require the Government to adhere to the following deadlines:

30 days prior to trial:  Disclosure of witness lists

45 days prior to trial:  Disclosure of exhibit lists

45 days prior to trial:  Disclosure of charts, summaries, and calculations

45 days prior to trial:  Disclosure of Government's expert witnesses

*See* Docs. [233], [234], [236], [237]. The Government opposes Defendant's requests. *See* Doc. [230]. Upon review of the parties' briefing, the Court imposes the following deadlines[1]:

April 28, 2025:  Disclosure of witness lists

April 28, 2025:  Disclosure of exhibit lists

April 28, 2025:  Disclosure of charts, summaries, and calculations

April 14, 2025:  Disclosure of Government's expert witnesses

April 21, 2025:  Disclosure of Defendant's expert witnesses

April 28, 2025:  Disclosure of any rebuttal expert witnesses

---

[1] The new deadlines also apply to Defendant Tobiyyah Israel.

1

All other deadlines in the Court's Order Setting Trial and Procedures in Criminal Cases, Doc. [231], remain the same.

## II.     Motion for Pretrial Disclosure of Co-Conspirator Statements, Doc. [235].

Defendant also asks that the Court order the Government "to file a pretrial proffer of any evidence it intends to admit pursuant to Rule 801(d)(2)(E) along with its theory for admission, and explanation as to how the proffered evidence satisfies the *Bourjaily* elements, at least forty-five (45) days prior to trial." Doc. [235] at 2. The Government argues that Rule 16 "does not cover testimony by a government witness as to an oral statement by a conspirator in the course of the conspiracy," Doc. [239] at 4 (citing *United States v. Hoelscher*, 914 F.2d 1527, 1535 (8th Cir. 1990)) (cleaned up)), and that "[t]o the extent that any statements the government intends to introduce at trial of any co-conspirators are discoverable under *Brady*, or the Jencks Act, the government will honor its disclosure obligations." *Id*. The Government also points out that it is not the usual practice in this district or circuit to hold a hearing to determine the admissibility of co-conspirator statements. Rather, courts follow the procedure outlined in *United States v. Bell*, 573 F.2d 1040 (8th Cir. 1978).

> If the prosecutor propounds a question which obviously requires a witness to recount an out-of-court declaration of an alleged coconspirator, the court, upon a timely and appropriate objection by the defendant, may conditionally admit the statement. At the same time, the court should, on the record, caution the parties (a) that the statement is being admitted subject to defendant's objection; (b) that the government will be required to prove by a preponderance of the independent evidence that the statement was made by a coconspirator during the course and in furtherance of the conspiracy; (c) that at the conclusion of all the evidence the court will make an explicit determination for the record regarding the admissibility of the statement; and (d) that if the court determines that the government has failed to carry the burden delineated in (b) above, the court will, upon appropriate motion, declare a mistrial, unless a cautionary instruction to the jury to disregard the statement would suffice to cure any prejudice. *See United States v. Stanchich*, 550 F.2d 1294, 1298 (2d Cir. 1977). The foregoing procedural steps should transpire out of the hearing of the jury. *See* Fed. R. Evid. 104(c).

*Bell*, 573 F.2d at 1044.

Defendant admits that the procedure outlined in *Bell* is "commonplace in this circuit." Doc. [240] at 3. And the Court is unaware of any unique circumstances that would make the *Bell* procedure inappropriate for the case at bar. As such, Defendant's motion is denied.

### III. Motion for Release of Brady Materials, Doc. [238].

Finally, Defendant files a motion to require the Government to "disclose immediately any previously undisclosed evidence, information, documentation or materials known to the government or in its possession, custody, or control, the existence of which is known or by the exercise of reasonable diligence may become known, that is favorable to [Defendant] and is material to the issues of his guilt, innocence, or sentencing, or which bears upon the credibility of a government witness." Doc. [238] at 1. The Government responds that it has complied with its obligations under *Brady*, *Giglio*, and their progeny, and will continue to do so. As such, Defendant's motion is denied as moot.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motions for Disclosure, Docs. [233], [234], [236], [237], are **GRANTED** in part.

**IT IS FURTHER ORDERED** that Defendant's Motion for Pretrial Disclosure of Co-Conspirator Statements, Doc. [235], is **DENIED**.

**IT IS FINALLY ORDERED** that Defendant's Motion for Release of Brady Materials, Doc. [238], is **DENIED** as moot.

Dated this 7th day of April, 2025.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE