UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 4:23-cr-00526-SEP |
| ) | |
| TOBIYYAH ISRAEL AND CARL VON ) | |
| GARRETT, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Before the Court are six motions in limine, Docs. [255], [256], [257], [261], [269], [270]. The motions have been fully briefed, and the Court heard argument at a pretrial conference held on May 7, 2025. The Court now rules on the various motions as set forth below.

**I. Defendant Von Garrett's Motion in Limine to Preclude Evidence of Contraband Located Incident to Arrest, Doc. [255]**

Mr. Von Garrett moves to exclude, on relevance and Rule 403 grounds, certain contraband seized incident to arrest. Because the contraband is relevant to the Government's theory that drug trafficking was the source of the laundered money, and its probative value is not substantially outweighed by the danger of unfair prejudice, Mr. Von Garrett's motion is denied. *See United States v. Nadeau*, 598 F.3d 966, 968 (8th Cir. 2010) ("Relevant evidence is defined as 'evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.'" (quoting Fed. R. Evid. 401)); Fed. R. Evid. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.").

**II. Defendant Von Garrett's Motion in Limine to Exclude the Government's Proffered Expert Witnesses, Doc. [257]**

   **A. DEA Group Supervisor Troey Stout**

Mr. Von Garrett moves to exclude DEA Group Supervisor Troey Stout as an expert because the Government did not sufficiently disclose the bases and reasons for Special Agent Stout's proffered opinions. As discussed at the pretrial conference, the motion to exclude Stout's

1

testimony is denied because the disclosure is not deficient under the relevant precedents, but the Government agreed to confer with Mr. Von Garrett to identify any deficits it can readily remedy.

### B. Unspecified DEA Chemist

Mr. Von Garrett's request to exclude the unspecified DEA Chemist is denied as moot in light of the parties' stipulation regarding the lab testing.

### C. Unspecified Dual Capacity Case Agents

Mr. Von Garrett's moves to "bar the [G]overnment from eliciting expert testimony from agents who investigated this case" because the Government has "refused to provide a sufficient disclosure, let alone any disclosure, as to who these witnesses will be, what the opinions they will testify to are, let alone the bases and reasons for them." Doc. [284] at 2.

The Government responds that the "investigators in the case are not Rule 702 experts but are primarily fact witnesses." Doc. [283] at 1.  The Government then goes on to state that "investigators can be characterized as dual-role witnesses . . . but this does not mandate Rule 16 expert disclosure." *Id*.  In support, the Government cites several cases from the Eighth Circuit. *See United States v. Moralez*, 808 F.3d 362 (8th Cir. 2015); *United States v. Overton*, 971 F.3d 756 (8th Cir. 2020); *United States v. Alexander*, 114 F.4th 967 (8th Cir. 2024).

As noted by Mr. Von Garrett, in each of the cases cited by the Government in its supplemental briefing, the Government disclosed the dual-role witness as an expert.  *See* Docs. [284-1]; [284-2]; *United States v. Overton*, 3:17-cr-00073-RGE-SBJ, Doc. [741], [734].  Mr. Von Garrett also points the Court to a case in the Seventh Circuit where the court found that "the government [had] failed to adhere to its obligation to identify [the officer] as an expert in advance of trial." *United States v. Thomas*, 970 F.3d 809, 814 (7th Cir. 2020).  In that case, the Seventh Circuit concluded that the agent's testimony that the car was "loaded and 'co-located with the methamphetamine'" was a lay opinion while his "view '[b]ased upon [his] training and experience' about the connection between gun possession and drug dealing" was an expert opinion requiring disclosure prior to trial.  *Id*.

To the extent the case agents plan to "offer opinion testimony that is based on specialized knowledge gained from training and experience," the Court agrees with Mr. Von Garrett that the Government was required to disclose those case agents as experts.  *Overton*, 971 F.3d at 763; *see id*. at 765 ("Testimony about the meaning of drug-code jargon, if based on experience and training, is permissible expert testimony.  But [the officer's] testimony 'about the meaning of

2

conversations in general, beyond the interpretation of code words' is an example of 'how an expert on drug code can stray from the scope of his expertise.'"); *United States v. Watkins*, 127 F.4th 1142, 1145 (8th Cir. 2025) (officer's opinions—that "the easiest way to place the firearm inside of the furnace was through the vent" and "that passing the firearm through the vent was the only way to place it in the furnace without leaving the home and entering the garage"—were "circumscribed to matters within his own knowledge and experience and did not rely on any specialized training"). The Court will give the Government until **11:59 PM on Friday, May 9, 2025**, to file the requisite disclosures. If the Government fails to do so, the case agents will be barred from providing any expert opinions.[1]

### III. Defendant Von Garrett's Motion in Limine to Admit Business Records, Doc. [261]

Mr. Von Garrett moves to admit certain business records, to which the Government does not object. The motion is granted.

### IV. Defendant Von Garrett's Motion in Limine to Preclude Cellular Location-Based Derived Evidence and Evidence of Enhanced Audio Recordings, Doc. [270]

#### A. Historical Cell Analysis

Mr. Von Garrett argues that the Court should exclude the cellphone data obtained using an application called Cellebrite because the Government has failed to disclose an expert witness who can testify to the data extraction. For the reasons stated in *United States v. Chavez-Lopez*, 767 Fed. App'x. 431, 434 (4th Cir. 2019), the Court finds that an expert is not required to explain how the cellphone data was extracted using Cellebrite. *See also United States v. Marsh*, 568 F. App'x 15, 17 (2d Cir. 2014) (an officer "did not purport to render an opinion based on the application of specialized knowledge to a particular set of facts" when discussing the extraction of cellphone data through Cellebrite); *United States v. Seugasala*, 702 F. App'x 572, 575 (9th Cir. 2017) ("The officers who followed the software prompts from Cellebrite and XRY to obtain data from electronic devices did not present testimony that was based on technical or specialized knowledge that would require expert testimony.").

#### B. Enhanced Audio Recordings

The Government has produced audio recordings that were enhanced for the purposes of amplifying a voice heard in the background of several phone calls. At the pretrial conference,

---

[1] If such a disclosure is filed and either Defendant can show he has been prejudiced by its timing, at that point, the Court will consider either excluding the testimony or continuing the trial.

the Government represented to the Court that, in order to enhance the recordings, the agent used a software that is commercially available to the public for a nominal fee.  According to the Government, while the software contains settings that could be used if one were an audio expert, the agent in this case used only the predefined settings.  The Government describes the process as follows:

> [T]he software involves clicking a pre-set button to attenuate the audio which dampers the sound to a similar level.  Then a pre-set button is clicked to compress the audio which makes loud parts softer and low parts louder.  The process takes a few minutes which can be used by anyone and requires no specialized training or expertise.

Doc. [278] at 2.

Mr. Von Garrett moves to exclude this evidence on the basis that the "enhanced audio recordings cannot satisfy the requirements of *Daubert* and Fed. R. Evid. 702, and thus cannot be admitted in federal courts, absent proper, qualified expert testimony."  Doc. [270] at 4.  In support of his argument, Mr. Von Garrett cites cases in which an expert was retained by one of the parties.  *See United States v. Naegele*, 471 F. Supp. 2d 152 (D.C. Cir. 2007) (forensic audio/video examiner used the methodologies of critical listening, time waveform analysis, and spectrographic analysis to "determine whether intelligible voice information was present and could be reliably transcribed"); *Zeen v. County of Sonoma*, 2018 WL 3769867, *2 (N.D. Cal. 2018) (forensic-imaging expert "compiled videos that synchronized . . . footage and placed them side by side, slowed down the footage, and shifted the color balance of the footage to the green channel to improve contrast"); *Lam v. City of San Jose*, 2015 WL 6954967, *2 (N.D. Cal. 2015) (expert in the field of forensic analysis of audio and video recording "enhance[d] an otherwise inaudible portion of the recording and use[d] aural comparison analysis to determine exactly what [an individual had] said"); *Lee v. Anderson*, 616 F.3d 803, 808-09 (8th Cir. 2010) ("[expert] used digital video recording and processing technology to increase the contrast of the video images captured by the surveillance camera"); *United States v. Panzardi-Lespier*, 918 F.2d 313, 318 (1st Cir. 1990) ("the expert who had enhanced and filtered the recordings to eliminate background noises" testified at the hearing to determine the "audibility and authenticity of the tapes"); *United States v. Madda*, 345 F.2d 400, 403 (7th Cir. 1965) (sound engineer testified that he cut down background noises to make the sound more audible); *United States v. Muse*, 2020 WL 709270, *2 (D.N.M. Feb. 12, 2020) (government engaged an audio forensics expert to

4

enhance audio clips). He has not, however, cited any cases where courts have found that such an expert is required in a context similar to this one.

The Court finds the Eighth Circuit's decision in *United States v. Calderin-Rodriquez*, 244 F.3d 977 (8th Cir. 2001) to be more relevant to the instant dispute than any cited by Mr. Von Garrett. In *Calderin-Rodriquez*, the government retained a translator who enhanced audio recordings "by using a software program to reduce background noise and increase the volume of the speech." *Id*. at 986. A defendant argued that the admission of the "digitally enhanced recordings was error because the court should have required a *Daubert* hearing to lay the foundation for the tapes as scientific evidence." *Id*. The Eighth Circuit disagreed:

> [I]n *United States v. McMillan*, 508 F.2d 101, 104 (8th Cir. 1974), we set out seven foundational requirements for admission of tapes, some of which depend on evidence that the machine does work, but none of which require that the witness understands the scientific principles involved in tape recording. We see no distinction between the foundation required for the tape recorder and that for the digital enhancement program, which, from the point of view of a listener, simply improves the quality of the recording.

*Id*.

In light of *Calderin-Rodriquez* and the Government's demonstration of the software at the pretrial conference, the Court concludes that an expert is not required for the enhanced audio recordings. Mr. Von Garrett's motion is denied.

V. **Defendant Von Garrett's Motion in Limine to Exclude His Past Conviction, Doc. [256]**

Mr. Von Garrett seeks to exclude evidence of his past conviction for conspiracy to distribute and possess with the intent to distribute a controlled substance. Federal Rule of Evidence 404(b) provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character[,]" but it "may be admissible for other purposes, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." According to the Eighth Circuit, "[t]o be admitted under Rule 404(b), the evidence must be (1) relevant to a material issue; (2) similar in kind and not overly remote in time to the crime charged; (3) supported by sufficient evidence; and (4) higher in probative value than prejudicial effect." *United States v. Bragg*, 44 F.4th 1067, 1073-74 (8th Cir. 2022) (cleaned up).

Here, Mr. Von Garrett's past conviction is relevant to a material issue as it goes to his knowledge and absence of mistake. *See United States v. Frazier*, 280 F.3d 835, 847 (8th Cir.

5

2002) ("We have held on numerous occasions that a prior conviction for distributing drugs, and even the possession of user-quantities of a controlled substance, are relevant under Rule 404(b) to show knowledge and intent to commit a current charge of conspiracy to distribute drugs."). The conviction is similar in kind to the crime charged, as the conviction involved the distribution of a controlled substance, which is alleged to be the source of the laundered funds in this case. The conviction is also not overly remote in time, as the instant offense took place just three years after Mr. Von Garrett finished his supervision and seven years after he was released from incarceration. As for the third element, the evidence is supported by sufficient evidence in that the Government plans to introduce a certified copy of Mr. Von Garrett's conviction through a case agent handling the current investigation. *See United States v. Strong*, 415 F.3d 902, 906 (8th Cir. 2005) ("The government provided sufficient evidence of [defendant's] prior convictions, which were testified to by Special Agent Zornes, who identified certified copies of the convictions."). Finally, the probative value of the evidence outweighs any prejudicial effect, especially in light of the Government's proposed limiting instruction. *See United States v. Franklin*, 250 F.3d 653, 659 (8th Cir. 2001) ("[T]he presence of a limiting instruction diminishes the danger of any unfair prejudice arising from the admission of other acts."). As such, evidence of Mr. Von Garrett's conviction will not be excluded.

Mr. Von Garrett also objected to the Government's plan to introduce portions of Mr. Von Garrett's signed plea agreement. Mr. Von Garrett maintains the plea agreement is "filled with inadmissible hearsay." Doc. [256] at 10. The Government indicated at the pretrial conference that it would work with Mr. Von Garrett to remove the portions of the plea agreement containing inadmissible hearsay. Thus, the Court declines to rule on that issue at this time.

## VI. Defendant Israel's Motion in Limine to Exclude Evidence of Israel's Lexington Trip, Doc. [269]

In its Notice of Intent to Use 404(b) Evidence, the Government stated that it planned to introduce the following evidence in its case-in-chief:

> Defendant Israel further stated that he had been paid by the same individual to pick up money in Lexington, Kentucky for which he was paid $1,000. Defendant Israel had provided consent to search his cell phone and on his cell phone was information

6

regarding the Lexington trip and also a photograph of a hand with a large amount of currency.

Doc. [249] at 10.

Mr. Israel moves to exclude on the basis that "there is insufficient similarity in the acts charged in this indictment to facts regarding Lexington." *Id*. at 1; *see Bragg*, 44 F.4th at 1073-74 (cleaned up) ("To be admitted under Rule 404(b), the evidence must be (1) relevant to a material issue; (2) similar in kind and not overly remote in time to the crime charged; (3) supported by sufficient evidence; and (4) higher in probative value than prejudicial effect."). The Court disagrees. The evidence is sufficiently similar in kind to the crime charged, and for the reasons stated by the Government, it is probative of Mr. Israel's motive, plan, intent, knowledge, and absence of mistake.

> In the instant case, the evidence at trial will show that on April 14, 2021, defendant Israel picked up $221,000 in drug proceeds which he later admitted in a post arrest statement. The money pickup in Kentucky by defendant Israel is relevant in this case to prove his motive (payment for doing the money pickup), plan in conducting the money pickup, intent to pick up money as well as knowledge and absence of mistake in that he knew he was there to pick up drug money.

Doc. [278] at 4. Mr. Israel's motion is denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Von Garrett's Motion in Limine to Preclude Evidence of Contraband Located Incident to Arrest, Doc. [255], is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Von Garrett's Motion in Limine to the Government's Proffered Expert Witnesses, Doc. [257], is **GRANTED IN PART** and **DENIED IN PART**, as outlined herein. The Government has until **11:59 PM tomorrow, May 9, 2025**, to file the requisite disclosures.

**IT IS FURTHER ORDERED** that Defendant Von Garrett's Motion in Limine to Admit Business Records, [261], is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Von Garrett's Motion in Limine to Preclude Cellular Location-Based Derived Evidence and Evidence of Enhanced Audio Recordings, Doc. [270], is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Von Garrett's Motion in Limine to Exclude His Past Conviction, Doc. [256], is **DENIED IN PART**. The Court declines to rule on the hearsay issue at this time.

**IT IS FINALLY ORDERED** that Defendant Israel's Motion in Limine to Exclude Evidence of Israel's Lexington Trip, Doc. [269], is **DENIED**.

Dated this 8th day of May, 2025.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE